**FILED**
**JAN 30 2002**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MONA H. WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: CV-01-PT-0950-M |
| ) | |
| CHILDERSBURG BANCORPORATION, ) | |
| INC., et al, ) | |
| ) | |
| Defendants. ) | |

ENTERED
JAN 30 2002

## MEMORANDUM OPINION

This cause comes to be heard on defendant James E. Hanks' Motion to Dismiss filed on December 20, 2001.

### FACTS AND PROCEDURAL HISTORY

On September 1, 2000, plaintiff Mona Wallace ("Wallace") filed a civil action in the Circuit Court of Etowah County, Alabama. In the complaint, Wallace named the following individuals and entities as defendants: J. Michael Hanks, Financial Planning Alliance International ("FPAI"), Childersburg Bancorporation, First Bank of Childersburg, Byron Louis Henry, Protective Life Insurance Company, Citizens Credit Services, and other fictitious parties. In the complaint, Wallace claimed compensatory and punitive damages arising from the following state law causes of action: securities fraud, negligence and wantonness, conspiracy to defraud, breach of fiduciary duty, negligent and wanton supervision, breach of contract and misrepresentation. Wallace also asserted various fictitious party counts alleging conspiracy, aiding and abetting the alleged "securities violations" by the named defendants, and negligence and wantonness.

The plaintiff later filed an amended complaint. In the amended complaint Wallace



asserted two new causes of action against defendant J. Michael Hanks and FPAI. In "Count Fifteen" entitled "Professional Negligence in Rendering Professional Services Under the Securities Act of 1933," Wallace alleged that J. Michael Hanks and FPAI "committed violations of the Securities Act of 1933." In "Count Sixteen," Wallace asserted a claim against J. Michael Hanks for alleged professional negligence in rendering real estate services.

After this amendment, defendants J. Michael Hanks and FPAI removed the civil action to this court. The defendants alleged that this court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. The remaining defendants later joined in the removal.

After the civil action was removed, Wallace filed a motion to amend the complaint. The motion was referred to a magistrate judge and a hearing was conducted on November 13, 2001. On November 16, 2001, the magistrate judge entered an order granting Wallace's motion to amend the complaint. On November 19, 2001, Wallace filed a second amended complaint. In this complaint Wallace added James E. Hanks ("Hanks") as a defendant. In Counts Eighteen through Twenty-One, Wallace asserted the following causes of action against Hanks "in lieu of Fictitious Part J": conspiracy to violate a federal consent order, misrepresentation, unjust enrichment, conversion, and money had and received. On December 20, 2001, Hanks filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

## ARGUMENTS

Hanks raises two main arguments in the motion to dismiss. First, he argues that the Federal Rules of Civil Procedure do not provide for a fictitious party practice. He notes that the removal of this case to federal court was based on federal question jurisdiction. Since the removal was not based on diversity jurisdiction, he contends that this court does not have the option in a non-diversity case to entertain fictitious party practice at all. Since the statute of

limitations would have run on Wallace's claims of misrepresentation in March of 2001, in the absence of fictitious party practice, he concludes that there is no vehicle available to add these claims at this point.

Second, Hanks argues that even if fictitious party practice were available in this case, it would be inappropriate because Wallace failed to comply with certain requirements of Alabama's fictitious party practice law. According to Hanks, the requirements that must be satisfied are the following: 1) the original complaint adequately described the fictitious defendant; 2) the original complaint must state a claim against the fictitious defendant; 3) the plaintiff must be truly ignorant of the true identity of the defendant; and 4) the plaintiff must have used due diligence to discover the defendant's true identity. *See Jones v. Resorcon, Inc.*, 604 So. 2d 370, 372-73 (Ala. 1992). Hanks asserts that Wallace failed to comply with requirements 1, 3, and 4. Addressing requirement 1, Hanks states that the claims against him were not adequately described in the original complaint in regards to contentions concerning availability of the Millennium Fund funds. Turning to requirement 3 and 4, Hanks contends that Wallace was aware of his identity and involvement as early as February of 2001. In support of this proposition, Hanks cites this court to a motion to compel and a transcript of a discovery hearing held in State Court. According to Hanks, the plaintiff indicates the belief that he was involved in the circumvention of the Consent Order as grounds for the motion to compel. Further, Hanks claims that plaintiff's counsel expressed his beliefs and intentions concerning Hanks on these issues in February of 2001.

In light of these events, Hanks argues that Wallace was obligated pursuant to Alabama Civil Rule of Procedure 9(h) to add him in place of the fictitious party when his identity became known. *See Jones*, 604 So. 2d at 372-73. Hanks claims that waiting until November 26, 2001,

to amend the complaint is not the due diligence required under Alabama Rules of Civil Procedure 9(h). Since these requirements have not been satisfied, Hanks argues that claims asserted against him in the second amended complaint are due to be dismissed.

Wallace raises two arguments in response. First, she asserts that Hanks has confused fictitious party practice and the issues of timely amendments to the complaint, with the defense of failure to state a cause of action and the affirmative defense of the statute of limitations. Wallace argues that the amendment of complaints is governed by Federal Rule of Civil Procedure 15. She notes that this rule was complied with. Furthermore, she states that the magistrate judge has already ruled that the motion to amend adding the claims against Hanks was due to be granted and that all procedural requirements were followed.

Second, Wallace argues that all five claims asserted against Hanks in the second amended complaint state claims upon which relief can be granted. In Count Eighteen, Wallace has asserted a claim for conspiracy to violate a Consent Order entered by Judge Nelson in a related action. In Count Nineteen, Wallace plead a misrepresentation claim. In Count Twenty, she asserted a claim for unjust enrichment. In Count Twenty-One (A), Wallace notes that she asserted a claim of conversion. Finally, Wallace states that she plead a claim for money had and received in Count Twenty-One (B). Wallace concludes by stating that these counts she alleges legally cognizable tort claims under applicable Alabama law and, thus, Hanks' motion to dismiss should be overruled.

## CONCLUSIONS OF THE COURT

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). All factual allegations are to be construed

in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996).

The issue of amendment is governed by Rule 15. Apparently the plaintiff does not argue that fictitious party practice is a factor. If she does, she will file with the court within ten days any suggestion to the contrary. The court has reservations about the alleged conspiracy to violate a consent order. There is no claim for civil conspiracy unless the alleged conspiracy relates to an established tort. The court will give the plaintiff ten days to state what recognized tort the parties allegedly commit. Any statute of limitations issues can be addressed by motions for summary judgment as to affirmative defenses, etc. The motion will be overruled subject to the foregoing.

This 30 day of January 2002.

ROBERT B. PROPST,
SENIOR UNITED STATES DISTRICT JUDGE